## SAM BREITMAN v. THORPE BROS. AND ANOTHER.[1]

December 19, 1930.

No. 27,985.

*Henry Bank* and *Schwartz & Halpern,* for appellant.
*F. M. Selander,* for respondents.

DIBELL, J.

Action to recover the earnest money paid on a contract for a deed. There were findings for the defendants. The plaintiff appeals from the order denying his motion for a new trial.

One Gustave Thedeen was the owner of a lot in Minneapolis. Upon his death the defendant Ernest A. Spongberg was appointed his administrator. The defendant Thorpe Bros. is a corporation engaged in selling real estate as a broker.

[1]Reported in 233 N. W. 830.

On July 9, 1928, the plaintiff, Breitman, entered into a contract for the purchase of the lot for $7,500, of which he paid $500 in cash, and was to pay $1,900 within 30 days, and the balance of $5,100 by assuming the unpaid portion of a first mortgage upon the lot. Thorpe Bros. was the broker making the sale.

G. S. 1923 (2 Mason, 1927) § 8851, reads as follows:

"When the estate of a decedent or ward is in any way liable for any charge upon the lands thereof, by mortgage or otherwise, such lands may be sold by the representative, subject to such charges, but the sale shall not be confirmed by the court until the purchaser executes a bond to the representative, approved by the court, conditioned to save said estate and such representative harmless, or unless such charge shall be first satisfied and released by the owner or holder thereof. The representative may sell the whole or any part of the interest of the decedent or ward in any tract of land charged with any incumbrance, and upon release of the tract so sold may apply the proceeds of such sale or sales to the payment of the incumbrance until the same is fully paid, and he shall account only for the balance remaining as proceeds of the estate."

The plaintiff wants the return of his purchase money. He will not give the bond. The administrator will not complete the sale unless the bond is given, and should not. If given, he would conclude the sale.

The plaintiff knew that he was buying the property of the estate. The contract provides a forfeiture. It was not made to be broken at will. The plaintiff has no cause of action.

The defendants offered to pay for a bond, but the plaintiff still would not complete the purchase. The offer may indicate generosity upon the part of the defendants, or a desire to make the sale at the contract price, or to earn a commission; but it does not help the defendants, who need none, nor hurt the plaintiff, upon whom the duty to furnish the bond rests. The defendants' argument based upon the offer is without force, and we mention it only that it may not be thought that it influences our decision.

Order affirmed.